# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RASHID TARIQ KALIF,

      Plaintiff,

vs.     No. CV 18-00772 JCH/KRS

CORRECTION INDUSTRIES, et al.,

      Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court *sua sponte* on seven pending motions filed by Plaintiff Rashid Tariq Kalif:

1. Motion to Request Evidence (Doc. 4);
2. motion asking for trial by consent (Doc. 8);
3. motion requesting order for pretrial conference and discovery (Doc. 9);
4. Motion to Ask Judge for Public Defender-Civil Litigation (Doc. 10);
5. Motion to Call Witnesses (Doc. 12);
6. Motion to Request Deposition/Discovery (Doc. 13); and
7. Motion to Request Deposition/Discovery (Doc. 14).

The Court denies the Motion to Request Evidence (Doc. 4), motion asking for trial by consent (Doc. 8), motion requesting order for pretrial conference and discovery (Doc. 9), Motion to Call Witnesses (Doc. 12), Motion to Request Deposition/Discovery (Doc. 13), and Motion to Request Deposition/Discovery (Doc. 14) as premature. Because Plaintiff is a prisoner proceeding pro se, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Section 1915A states:

> "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."
> . . .

1

> On review, the court shall identify cognizable claims or dismiss the
> complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief."

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a pro se plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> "Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune
>     from such relief.

Requests for service of process, discovery, submissions of proof, or trial are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Plaintiff's Complaint is not dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling. The Court will deny the Motion to Request Evidence (Doc. 4), motion asking for trial by consent (Doc. 8), motion requesting order for pretrial conference and discovery (Doc. 9), Motion to Call Witnesses (Doc. 12), Motion to Request Deposition/Discovery (Doc. 13), and Motion to Request Deposition/Discovery (Doc. 14) are denied as premature.

    The Court will also deny the Motion to Ask Judge for Public Defender-Civil Litigation (Doc. 10). There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court

should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff Kalif appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion to Ask Judge for Public Defender-Civil Litigation (Doc. 10).

**IT IS ORDERED** that the Motion to Request Evidence (Doc. 4), motion asking for trial by consent (Doc. 8), motion requesting order for pretrial conference and discovery (Doc. 9), Motion to Ask Judge for Public Defender-Civil Litigation (Doc. 10), Motion to Call Witnesses (Doc. 12), Motion to Request Deposition/Discovery (Doc. 13), and Motion to Request Deposition/Discovery (Doc. 14) are **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE