# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RASHID TARIQ KALIF,

    Plaintiff,

vs.                                               No. CV 18-00772 JCH/KRS

CORRECTION INDUSTRIES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS FOR PRELMINARY INJUNCTION

THIS MATTER is before the Court under Fed. R. Civ. P. 65 on the Motion to Request Preliminary Injunction (Doc. 7) and Motion for Injunction Relief (Doc. 11) filed by Plaintiff Rashid Tariq Kalif. The Court denies the Motions without prejudice to Plaintiff Kalif's claim for permanent injunctive relief.

In order to receive a preliminary injunction, the Plaintiff must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Engineers*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed

in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).

Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). Plaintiff faces a heightened burden of showing that exigent circumstances of the case support the granting of a remedy that is extraordinary even in the normal course. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004). A Plaintiff is not entitled to relief based solely on claimed likelihood of success on the merits but must, instead, make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. *Id.* at 976; *Edmisten v. Werholtz*, 287 F. App'x 728, 731 (10th Cir. 2008).

Plaintiff Kalif brings this action alleging violation of religious rights and religious discrimination under 42 U.S.C. § 1983. (Doc. 1). Plaintiff Kalif has filed two Motions seeking injunctive relief against non-party "NMCD" to make various policy changes with respect to religious diets and prison rules. (Doc. 7, 11). Neither Motion sets out any exigent circumstances that would justify the issuance of an extraordinary preliminary injunction in this case. *O Centro Espirita Beneficiente Uniao Do Vegetal,* 389 F.3d at 975. Nor does either Motion include the factual affidavit or sworn statement under penalty of perjury necessary for Plaintiff to meet the heightened burden of clearly and unequivocally establishing grounds for injunctive relief. *Dine Citizens Against Ruining Our Env't*, 839 F.3d at 1281.

Plaintiff Kalif has failed to make the showing necessary for preliminary injunctive relief under Fed. R. Civ. P. 65. The Court will deny the Motion to Request Preliminary Injunction (Doc.

7) and Motion for Injunction Relief (Doc. 11) filed by Plaintiff Rashid Tariq Kalif, without prejudice to any claim Kalif may have for permanent injunctive relief in this case.

**IT IS ORDERED** that the Motion to Request Preliminary Injunction (Doc. 7) and Motion for Injunction Relief (Doc. 11) filed by Plaintiff Rashid Tariq Kalif are **DENIED**.

_____
United States District Court Judge